IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

THOMAS BROYLES,

      Plaintiff,      5:24-CV-0890-GTS-CFH

-v-

ACTING COMMISSIONER
OF SOCIAL SECURITY,

      Defendant.

## STIPULATION FOR ATTORNEY FEES

**IT IS HEREBY STIPULATED** by and between Vernon Norwood, Special Assistant United States Attorney, for Carla B. Freedman, the United States Attorney for the Northern District of New York, attorneys for the defendant herein, and Justin M. Goldstein, Esq., attorney for the Plaintiff, that the Commissioner of Social Security shall pay Plaintiff the sum of **$1,006.08** in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in full satisfaction of any and all claims under the EAJA. The attorney fees may be paid to Plaintiff's counsel if Plaintiff agrees to assign the fees to counsel and provided Plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program.

It is further agreed that Plaintiff is awarded costs under 28 U.S.C. § 1920 in the amount of $405.00.

DATED: December 18, 2024

| | |
|---|---|
| CARLA B. FREEDMAN<br>United States Attorney | HILLER COMERFORD INJURY<br>& DISABILITY LAW, PLLC<br>Attorneys for Plaintiff |
| BY: /s/ *Vernon Norwood*<br>VERNON NORWOOD<br>Special Assistant U.S. Attorney<br>Office of Program Litigation, Office 2<br>Office of the General Counsel<br>Social Security Administration<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>(212) 264-9471<br>vernon.norwood@ssa.gov | BY: /s/ *Justin M. Goldstein*<br>JUSTIN M. GOLDSTEIN<br>6000 N. Bailey Ave, Suite 1A<br>Amherst, N.Y. 14226<br>(716) 564-3288<br>jgoldstein@hillercomerford.com |

**SO ORDERED:**

Glenn T. Suddaby
U.S. District Judge

___December 26___, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

THOMAS BROYLES,
               Plaintiff,
  vs.                                                    Civil Action No.
                                                           5:24-cv-00890
COMMISSIONER OF SOCIAL SECURITY,
               Defendant.

## DECLARATION OF JUSTIN GOLDSTEIN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

I, Justin Goldstein, declare:

1. I am the attorney for the plaintiff in this case.

2. That the Plaintiff's net worth at the time this action was filed was less than $2,000,000.00.

3. The following is an itemization of time expended in this case through December 17, 2024:

| DATE | ACTIVITY | TIME |
| --- | --- | --- |
| 5/30/2024 | Review ALJ decision, Appeals Council decision, and Exhibit file. Decide to proceed with appeal for previously remanded claimant. | 1.5 hrs. |
| 6/24/2024 | Telephone conferences and email correspondences | 0.5" |
| 7/18/2024 | Review final draft of Complaint and accompanying papers; and authorize filing of Complaint | 0.1" |
| 7/18/2024 | Pay $405.00 filing fee | 0.0" |
| 7/23/2024 | Email correspondences with Plaintiff | 0.1" |
| 10/16/2024 | Draft correspondence | 0.1" |
| 11/14/2024 | Email correspondences with opposing counsel | 0.1" |
| 11/14/2024 | Telephone conference with Plaintiff | 0.5" |
| 11/19/2024 | Draft correspondence | 0.1" |
| 12/17/2024 | Prepare EAJA declaration | 1.0" |

1

**Total time in 2024**:                                                                                   **4.0"**

**Total hours**:                                                                                                **4.0**

4. These time records were recorded contemporaneously during the course of this litigation. These time records are conservative in that billing judgment was exercised, and not all hours spent on the litigation were included. Many other clerical tasks such as copying documents for my client were not included in the time records.

5. The United States Department of Labor publishes the consumer price index for all urban consumers. (https://www.bls.gov/regions/northeast/data/consumerpriceindex_us_table.htm). The Consumer Price Index (CPI) Northeast average is 304.702 in 2023, and 313.295 in 2024 based upon a CPI index of 308.417 in January 2024, 310.326 in February 2024, 312.332 in March of 2024, 313.548 in April 2024, 314.069 in May 2024, 314.175 in June 2024, 314.540 in July 2024, 314.796 in August 2024, 315.301 in September 2024, 315.664 in October 2024, and 315.493 in November 2024. In light of this increase, the appropriate hourly rate is $251.52 per hour for 2024. This rate was determined as follows:

$$\frac{125.0 \text{ (hourly rate in statute)}}{155.7 \text{ (CPI in March, 1996)}} = \frac{X}{313.295 \text{ (Average CPI for 2024)}}$$

This would be the appropriate hourly rate adjusted for inflation.

6. If one multiplies the appropriate hourly rates for 2024, the calculated attorney fees are as followed:

      2024:      $251.52 x  4.0 hours   =   $1,006.08

Plaintiff requests that this Court award Plaintiff's counsel, Justin Goldstein, attorney's fees in the amount $1,006.08. If Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, the funds should be made payable to Plaintiff's attorney. Plaintiff further requests $405.00 in costs for the filing fee for the Complaint.

7.  Attached hereto and made a part hereof as an exhibit is a fee agreement signed by Plaintiff and the undersigned in which he assigned his right to receive EAJA fees to our firm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on December 17, 2024 in Rochester, New York.

/s/Justin Goldstein  
Justin Goldstein  
Attorney for Plaintiff

# FEE AGREEMENT

1. IT IS AGREED that the **LAW OFFICES OF KENNETH R. HILLER, PLLC** (herein after referred to as ATTORNEY) will represent Thomas Fredrick Broyles (herein after referred to as CLIENT), IN HIS/HER CLAIM FOR Social Security and/or Supplemental Security Income (SSI) disability benefits.

2. Attorney and Client understand that for a fee to be payable, the Social Security Administration (SSA) and/or court must approve any fee my representative charges or collects from me for services my representative provides in proceedings before SSA or a federal court in connection with my claim(s) for benefits.

3. If I do receive Social Security benefits, the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim or $7,200.00, whichever is lower, but the $7,200.00 limit is subject to adjustment for inflation by the Social Security Administration (SSA) under 42 U.S.C.A. §406(a)(2)(A) and the limit in effect at the time the client is paid shall be the limit under this contract. The $7,200.00 limit shall also only apply for services rendered before the Social Security Administration through administrative hearing level. If an appeal is taken of the decision of an Administrative Law Judge to the Appeals Council or to a federal court, the $7,200.00 limit shall not apply.

4. I understand that within (15) days of a notice of the amount of the past-due benefits, or if there are no past due benefits, the claimant or the person who made the decision in this case may submit a written request to reduce the maximum fee, or the attorney may submit a written request to increase the maximum fee. The fifteen (15) day time period in which to protest begins to run the date of the notice of the amount of the past-due benefits plus five days for mailing.

5. I understand that Social Security past-due benefits are the total amount of money to which I and any auxiliary beneficiary (ies) (i.e. family members) become entitled through the month before the month SSA effectuates a favorable administrative determination or determination on my claim.

6. If my claim goes to federal district court, I consent to have my attorney apply for fees in such a manner as to maximize the fee paid to him, even though it may eliminate or decrease a fee refund under the Equal Access to Justice Act (EAJA) to which I might have been otherwise entitled. I understand that as a result of an EAJA fee, the total fee paid to the attorney may exceed 25% of retroactive benefits, but the client will not be responsible for any fee in excess of 25%; the government will be responsible for such excess.

7. I acknowledge that a federal court may award my attorney a reasonable fee under the Equal Access to Justice Act (EAJA), in which event such award shall be payable to my attorney and retained by my attorney to the extent permitted by law, and I shall not be entitled to any such award and assign said award to my attorney; provided, however, that I may be entitled to a credit for such fee in the event my attorney is awarded an additional fee for federal court services under 42 U.S.C.A. §406(b).

8. The reasonable and necessary expense, at the attorney's discretion to advance, incurred by the Attorney for preparation of the case, such as the cost of obtaining medical records, court costs, copying charges, and postage, if any, are not included in the Attorney fee and are to be paid by the Client at the conclusion of the attorney's representation of the Client. Although attorney generally advances the cost to obtain client's medical records, the attorney shall not be required to do so. In the event the Client provides the attorney with a retainer to pay for expenses, the Attorney is authorized by the Client to use said retainer to pay the expenses as they are incurred.

   Client's Initials: _[initialed]_

9. Attorney has the right to resign and withdraw from this case if further investigation determines that the matter is one of which s/he would not pursue.

Client Signature: _[signed]_     Date: 6/24/2024

**LAW OFFICES OF KENNETH R. HILLER, PLLC.**
BY:

| _[signed]_ | _[signed]_ | _[signed]_ | _[signed]_ |
|---|---|---|---|
| Kenneth R. Hiller, Esq. | Timothy Hiller, Esq. | Ida Comerford, Esq. | Kelly Laga-Sciandra, Esq. |
| Jeanne Murray, Esq. | Justin Goldstein, Esq. | Elizabeth Haungs, Esq. | Nicholas Di Virgilio, Esq. |
| Evan W. Wolfson, Esq. | Joseph Paladino, Esq. | Mary Ellen Gill, Esq. | Justin Jones, Esq. |
| Christopher Atkinson, Esq. | Jeffrey M. Valentine, Esq. | Anthony DeMarco, III, Esq. | Melissa Kubiak, Esq. |
| Kathryn M. Eastman, Esq. | Rebecca M. Kujawa, Esq. | Remy A. Militello, Esq. | Charles Gaughan, Esq. |
| Kayla Bowden, Esq. | Abeba Carlan, Esq. | Jennifer Dillon, Esq. | Kimberly Gernatt, Esq. |
| Sharon Witty, Esq. | Delaiah Cobler, Esq. | Stephen Paul, Esq. | |